*227 JUSTICE LEAPHART,
dissenting.
I concur as to Issues number one, two and four. I dissent as to Issue number three. In each of Counts II through VI the State charges Savaria with theft as part of a “common scheme.” Savaria contends that none of these five counts allege a separate, stand alone “common scheme” because none of the counts alleges a separate “series of acts,” which is a sine qua non of a common scheme. Section 45-2-101(7), MCA. Therefore, in order to constitute a “common scheme,” each count must be analyzed in reference to the other counts. That is, the allegations in the various counts, when read together, allege a “series of acts” which constitute one all-encompassing common scheme as opposed to five separate common schemes.
Savaria’s theory is best understood when one looks at Counts II and V. In neither count is there an allegation that Savaria engaged in a series of acts. Rather, each count alleges that Savaria obtained property from one business on one particular day. Although the Information does not say one way or the other, we must assume that the property was obtained with one check in each of the two stores. Tendering one bad check in one store in one day does not constitute a “series of acts” which is a prerequisite to a common scheme under § 45-2-101(7), MCA. Thus, when the State alleges “common scheme” in Counts II and V, it has not alleged separate, stand alone “common schemes.” Both logic and semantics dictate that Counts II and V must rely upon other counts in the Information in order to satisfy the “series of acts” element of a “common scheme.” Clearly, the charging document envisions one, not two common schemes in Counts II and V.
Savaria is entitled to assume that the State used the term “common scheme” consistently throughout the Information. Since Counts II and V clearly charge one interrelated common scheme, it is only logical that Counts III, IV and VI, which also fail to allege any series of acts, employ the term “common scheme” in the same broad sense.
The double jeopardy protections of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution, prohibit imposition of multiple punishments in a single prosecution for the same offense. See State v. Palmer (1983), 207 Mont. 152, 158, 673 P.2d 1234, 1237.
This Court concludes that the prosecutor had the discretion to charge separate common schemes and that each count “was an individual common scheme dependent on different evidence specific to each store.” Although I agree that, given the right allegations, a *228 prosecutor can charge separate common schemes, I do not agree that the allegations in Counts II through VI of this Information charge separate common schemes. The counts do not each allege “different evidence” constituting a separate “series of acts.” On the contrary, in none of the five counts does the State specifically allege the number of checks written in any one business establishment. Furthermore, in contrast to Count VII, none of these counts involves more than one merchant.
The Information charges Savaria with committing various acts, specified in five interrelated counts. At sentencing, the court purported to circumvent the common scheme conundrum when it stated:
What I want understood is you’re not being sentenced under the common scheme. You’re being sentenced because each of the eight counts constitutes a felony. I have seven counts, excuse me, in that you took property valued at more than five hundred dollars.
I would agree with the court’s approach if the State had charged felony theft of $500 or theft by common scheme in the alternative. However, it did not do so. Rather, each count of the Information charged Savaria with “common scheme” involving more than $500. These acts constitute one common scheme. The court does not have leeway to redraft the Information, ignore the charge of common scheme and sentence on the basis of separate felony thefts. Accordingly, I conclude that, in sentencing Savaria separately to ten years on each of the five interrelated “common scheme” counts, the court subjected Savaria to multiple punishments for the same conduct, i.e., the same “common scheme.” I would reverse and remand for resentencing.